# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-CR-284 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER JR. |
| vs. | : | |
| | : | |
| VERNON MORRIS, | : | **SENTENCING MEMORANDUM** |
| | : | **FOR VERNON MORRIS** |
| Defendant. | : | |

Defendant Vernon Morris, through undersigned counsel, submits the instant Sentencing Memorandum for the Court's consideration and requests a sentence, as calculated and reviewed pursuant to Title 18, United States Code §§ 3553(a) and 3661, that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. Counsel attaches the following Memorandum to assist the Court in fashioning Mr. Morris's sentence.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856
Facsimile: (216) 522-4321
jeffrey_lazarus@fd.org

Attorney for Vernon Morris

1

**MEMORANDUM**

**I.     Introduction**

Defendant Vernon Morris now appears before this Court for sentencing. Vernon is a fifty-six year old man who spent nearly his entire adult life in prison for a crime when he was nineteen years old. Three years ago Vernon came to Cleveland where he worked consistently, but in doing so failed to register as a sex offender as required by law. He has admitted to his offense and now seeks a fair and just sentence from this Court. Vernon's sentencing range is 15 to 21 months, at total offense level 13, Criminal History Category II. He has been in custody for approximately five and a half months since his arrest on July 6, 2017. He asks this Court to impose a sentence of thirty additional days in jail to be followed by six months at a halfway house. Such a sentence is sufficient but not greater than necessary to achieve the statutory sentencing factors under 18 U.S.C. § 3553(a).

**II.    Vernon Morris's Personal History and Circumstances**

Vernon was born in 1961 and raised in New York City. He grew up in the Far Rock Away area and had a pretty typical childhood in the sixties and seventies. Then, in the twelfth grade he dropped out of high school because his girlfriend was pregnant and he wanted to begin working in order to provide for his new family. Not long after this, he was suddenly arrested in Queens, New York for charges related to robbery, sodomy, unlawful imprisonment, and forcible compulsion. *See* Dkt. 11, Presentence Report, ¶ 30. There were allegations made that Vernon accosted a female at gunpoint, forced her to drive to a location, then sexually assaulted her. Vernon completely denies the truth of these allegations and believes he was either framed or this case was a mistaken identity. The allegations of this offense were devastating to his entire family. Vernon was tried and convicted of this offense and served 27 years in the New York state

prison system. He was released on parole in 2008. He had parole violations and went back to prison in 2009 and was given his final release on January 28, 2011. As a result of his conviction he was required to register as a sex offender every 90 days under New York law.

In 2011, at age 50, Vernon had a tough transition back to non-prison life. He had spent his entire adult life incarcerated and while in prison all the members of his immediate family passed away from brain aneurisms. His mother died in 1987, his sister died in 2006, and his father died in 2008. Vernon's son was a year old when Vernon went to prison; the two have had no relationship and his son, now 38 years old, has not accepted his father back into his life. Without his immediate family alive to assist him in rejoining society, Vernon turned to other distant relatives. He had nieces and cousins in Virginia and South Carolina who he reached out to for help. However, most of them had never met Vernon and only knew of him as the relative who was in prison, and were not willing to help. In fact, one of his nieces found out he was out of prison and falsely used his social security number to get money, thereby ruining Vernon's credit.

Vernon really had no support system and no prospects for employment or housing. He really was a nomad for about two or three years, trying to find friends or family who would take him in for a short period of time. He traveled to Virginia and South Carolina to hope to reconnect with his family, but they would not let him to stay for more than a few days. He got odd jobs around the towns to make ends meet, but it was not enough.

In 2014, he began to reconnect with a close friend from his childhood, Nancy Stroman. Ms. Stroman has written a letter of support for Vernon, which is attached as Exhibit A. Ms. Stroman lives in the Cleveland area where she ran a school named Range For A Change. They began to talk, and she invited Vernon to come to Cleveland in the hopes that he would find a

better living situation. When he arrived, Ms. Stroman gave Vernon a job at the school she ran. Vernon worked there for three years as a security guard, earning enough of a wage to afford his own house and his basic needs.

Things were moving in the right direction for Vernon for the first time in his adult life. He had a good living situation, he was employed, and he felt very good about his situation. However, Vernon was not registering as a sex offender in Ohio; he also did not notify New York that he was moving to Ohio. On July 6, 2017, he was arrested by the Marshalls in the instant case. As he told the Marshalls, Vernon fully admits his conduct and does not deny his actions.

**III.     Determining the Proper Sentence for Vernon Morris**

There is no dispute about Vernon's sentencing guideline calculations. His base offense level for this offense is 16, which is reduced to 13 after his acceptance of responsibility reduction. Vernon has three criminal history points, which places him in Criminal History Category II. The resulting sentencing guideline range is 15 to 21 months of imprisonment.

Vernon suffers from a number of physical health issues. As detailed above, all his immediate family members have died from brain aneurisms and Vernon is at risk of this as well. Additionally, he has suffered from hypertension and high blood pressure for his entire adult life. All his deceased family members suffered from hypertension and high blood pressure as well and he believes there is a link between these ailments and the brain aneurisms. The medication he is currently taking for his hypertension and high blood pressure has been causing him severe swelling in his feet and also numbness in his hands. He also has a history of fainting and dizziness, as well as suffering from glaucoma. In 2016, he also underwent brain surgery to remove a tumor; he still suffers from headaches as a result of this ailment and surgery.

Vernon has been in custody since his arrest on July 6, 2017. He has spent the last five and a half months in custody. He is not asking this Court to release him from custody today, but seeks instead for a sentence of thirty additional days of incarceration, to be followed by six months at the halfway house, which would total thirteen months of incarceration.

Vernon believes this specific sentence he requests is the best thing for him and the best thing for the community. He knows he did wrong in this case and knows that he needs additional incarceration, but he does not want to be set up for failure. Vernon believes that upon completion of his custodial sentence, he is going to have a very hard time finding work and housing in the area unless he can receive some help. His biggest fear is that he will serve his entire sentence in the Bureau of Prisons and will not have the opportunity to make a steady transition back into society. He believes a significant period at a halfway house will aid him in finding housing and employment, as he really has no support system to rely on. Normally, federal prisoners are permitted to serve the last remaining months at a halfway house, which allows them to achieve such goals. However, recent funding has been cut to the federal halfway houses, thereby creating less space and higher demand for them.[1] These cuts have drastically affected our district as well.[2] Thus, Vernon has reason to believe that a guideline sentence could result in him serving his entire sentence in federal prison, with no halfway house. This will mean that he returns immediately to the streets of Cleveland where he has no housing, employment opportunity, or support system. Doing so will ensure that he fails in meeting the demands of his supervised release and also puts his safety at risk. He therefore asks this Court to ensure that he receive a

---

[1] *See* https://www.reuters.com/article/us-usa-justice-prisons-exclusive/exclusive-trump-administration-reduces-support-for-prisoner-halfway-houses-idUSKBN1CI2ZA

[2] http://www.news5cleveland.com/news/local-news/akron-canton-news/trump-administration-cuts-millions-in-funding-for-halfway-house-program-in-akron
https://www.clevescene.com/scene-and-heard/archives/2017/11/01/trump-administration-slashes-prison-funding-causing-akron-halfway-house-cuts

full term of halfway house incarceration by ordering him to serve six months at the Cleveland halfway house, the Oriana House. This will allow him to make a safer and more productive transition back into society so he can succeed.

**IV.**     **Conclusion**

For the foregoing reasons, Vernon Morris asks this Court to impose a sentence of thirty days of additional incarceration to be followed by six months at the halfway house, which is a sentence that is sufficient but not greater than necessary to achieve the statutory sentencing factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
Assistant Federal Public Defender
Ohio Bar: 0079525
1660 W.2nd Street, Suite 750
Cleveland, Ohio 44113
Phone: 216-522-4856
Fax: 216- 522-4321
jeffrey_lazarus@fd.org

Attorney for Vernon Morris

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2017, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Counsel will send a copy to government by e-mail.

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender